IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

STEPHEN WAYNE PURNELL,        )
                              )
            Plaintiff,        )
                              )
v.                            )        Case No. CIV-08-729-L
                              )
AMERISURE MUTUAL INSURANCE    )
COMPANY,                      )
                              )
            Defendant.        )

## O R D E R

This diversity action arises from a February 3, 2004 motor vehicle accident

that occurred on the Dallas Parkway in Frisco, Collin County, Texas.  Amended

Complaint, Doc. No. 1, ¶ 3.  Plaintiff Stephen Wayne Purnell, a resident of

Oklahoma, alleges that defendant Amerisure Mutual Insurance Company

("Amerisure") has improperly failed to pay underinsured motorists coverage

benefits under a policy of insurance issued to plaintiff by Amerisure.  Id., ¶ ¶ 1, 5.

The Amended Complaint alleges that venue is proper pursuant to 28 U.S.C. §

1391(a).[1]

_____

[1]        The Complaint and Amended Complaint allege that plaintiff is a resident of Murray County, State of Oklahoma.  Doc. Nos. 1 & 6.  The Affidavit of Stephen Wayne Purnell, filed as Exhibit A to Plaintiff's Response to Defendant's Motion to Transfer, Abate or Dismiss [Doc. No. 18], states that plaintiff resides in Marshall County, Oklahoma.  A Corrected Affidavit was later filed stating that plaintiff currently resides in Murray County, Oklahoma and has "no plans to live anywhere else in the foreseeable future."  Doc. No. 21, ¶ 2. The court notes that neither Marshall County, Oklahoma,  nor Murray County, Oklahoma, are within the Western District of Oklahoma.  28 U.S.C. § 116 (c).  Rather, Marshall County and Murray County are both located in the Eastern District of Oklahoma.  28 U.S.C. § 116 (b).

This matter is before the court on Amerisure's **(1)** Motion to Transfer, Abate or Dismiss **[Doc. No. 15]**, and **(2)** Motion for Relief From Requirements of Local Civil Rules 83.2 and 83.3 **[Doc. No. 16]**.  Plaintiff has responded to the motions and Amerisure filed reply briefs in connection with the motions.  The court has carefully reviewed the parties' briefs and determines that further proceedings in this case should be abated, as more fully set forth below.

This lawsuit was filed more than three months after Amerisure filed a declaratory judgment action regarding the same collision in the United States District Court for the Northern District of Texas, Dallas Division, styled as Amerisure Insurance Company v. Stephen Wayne Purnell, Civil Action No. 3-08-CV-615-G (the "Texas lawsuit").  Amerisure asserts that the Texas lawsuit should proceed, since it was filed first.  Under the "first to file" rule, a district court is permitted to decline jurisdiction where a complaint raising the same issues against the same party has previously been filed in another federal district court. Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga., 189 F.3d 477, 1999 WL 682883 at *2 (10th Cir. 1999) (unpublished opinion).  Exceptions to the rule exist, however, such as where the first-filed suit constitutes an improper anticipatory filing.  Universal Premium Acceptance Corp. v. Oxford Bank & Trust, No. 02-2448-KHV, 2002 WL 31898217 at *2 (D.Kan. 2002) (citing Boatmen's First Nat'l Bank of Kansas City v. KPERS, 57 F.3d 638, 641 (8th Cir. 1995) ("red flags" suggesting compelling circumstances sufficient to disregard first-filed rule

include notice that other side was considering filing lawsuit, and fact that first-filed

suit was declaratory judgment action)).  Here, plaintiff argues that this court

should decline to follow the "first to file" rule since Amerisure anticipated his

lawsuit, *i.e.*, the Texas lawsuit was an improper anticipatory filing.  Plaintiff also

alleges that Amerisure has engaged in improper forum shopping and further

asserts that the Northern District of Texas is an improper venue for the

declaratory judgment action.

The court need not consider plaintiff's arguments at this juncture, however,

since case law clearly indicates that "the court in which the first-filed case was

brought decides the question of whether or not the first-filed rule, or alternatively,

an exception to the first-filed rule, applies."  Universal Premium, 2002 WL

31898217 at *2 (citing Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp.

1144, 1150 n. 9 (S.D.N.Y. 1995); and *see* Hospah Coal Co. v. Chaco Energy Co.,

673 F.2d 1161, 1163-64 (10th Cir. 1982) (first court in which jurisdiction attaches

should decide venue and jurisdiction); Cessna Aircraft Co. v. Brown, 348 F.2d

689, 692 (10th Cir. 1965) (first federal district court which obtains jurisdiction of

parties and issues should have priority and second court should decline

consideration of action until proceedings in first court are terminated); Donaldson,

Lufkin & Jenrette, Inc. v. Los Angeles County, 542 F. Supp. 1317, 1321 (S.D.N.Y.

1982) (to avoid inconsistent rulings on discretionary matters as well as duplication

of judicial effort, court in which first filed case was brought should decide whether

first-filed rule applies)).[2]

The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. Cadle Co. v. Whataburger of Alice, 174 F.3d 599, 606 (5th Cir. 1999). The "first to file" rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated. Id., at 606 (citation omitted). The question of whether the first-filed action was an improper anticipatory filing is for the first-filed court to determine. Street v. Smith, 456 F. Supp. 2d 761 (S.D. Miss. 2006) (determination of whether lawsuit falls under anticipatory declaratory judgment exception to first-filed rule is best made by first-filed court).

Upon consideration of the procedural history of this matter, and pursuant to the pertinent authorities, the court concludes that the United States District Court for the Northern District of Texas, and not this court, should decide initial issues including the appropriate venue, whether the first-filed rule applies, or whether an exception to the first-filed rule applies. It appears to the court that these issues have at least been raised in the Texas lawsuit. The court has reviewed the

---

[2]       The Tenth Circuit has adopted the rule that jurisdiction relates back to the filing of the complaint. Hospah, 673 F. 2d at 1163. Under this rule, the Northern District of Texas obtained jurisdiction first since Amerisure filed its complaint there before plaintiff filed his complaint in this court.

docket sheet in the Texas lawsuit, and notes that Mr. Purnell has filed in that court a "Motion to Dismiss for Improper Venue, Alternative, Motion to Transfer Case out of District/Division and Alternative Motion to Dismiss Under Declaratory Judgment Act" [*see* Doc. No. 10 in the Texas lawsuit].

Accordingly, Amerisure's Motion to Transfer, Abate or Dismiss **[Doc. No. 15]** is hereby **GRANTED** as follows: This case is **ABATED** and **STAYED** pending further proceedings in the United States District Court for the Northern District of Texas, as more fully discussed in this order.  In this connection, the parties are ordered to file a joint statement in this case within ten (10) days of any ruling by the Northern District of Texas on the motion presently pending there, referred to above.  A copy of the Texas court's order should be attached to the joint statement.   In light of this order, Amerisure's Motion for Relief From Requirements of Local Civil Rules 83.2 and 83.3 **[Doc. No. 16]** is **DENIED** at this time, without prejudice to refiling if appropriate in the event the stay in this matter is lifted.

It is so ordered this 29th day of January, 2009.

_Tim Leonard_

TIM LEONARD
United States District Judge